MAGER, Judge.
Appellants-plaintiffs, Mary E. Crowe and Ralph J. Crowe, appeal a final judgment entered pursuant to a jury verdict in their favor in an action for damages resulting from personal injuries sustained by appellants-plaintiffs.
The plaintiffs were dissatisfied with the amount of the jury verdict which found liability to be with the appellees-defend-ants, Overland Hauling, Inc., and Clarence Warren Fisher, and moved for a new trial, which motion was denied in the order granting final judgment.[1] The thrust of this appeal is the trial judge’s adverse ruling on the admissibility of plaintiffs’ bills for medical expenses. The plaintiffs contend that the court committed error when it refused to permit the introduction of bills for drugs incurred by Mr. Crowe for the care of his wife, Mary E, Crowe. The drug charges amount to approximately $400.00.
The plaintiff Mrs. Crowe, and her daughter, were involved in an automobile accident when the automobile in which she was riding collided with a truck owned by defendant and driven by defendant’s employee. The facts giving rise to the accident are not at issue here and are not material to this appeal.
At the trial, Doctor Charles H. Marks, a medical doctor who had examined Mrs. Crowe and who had also been her physician for a period of ten years prior to the accident, testified as to the nature and extent of her injuries.[2] During the course of Dr. Marks’ direct examination he testified that he had prescribed drugs for Mrs. Crowe after her injury “to curb the pain” and “to cut down on these muscle spasms”. In addition, Dr. Marks indicated he had prescribed medicine for Mrs. Crowe’s ulcer which he testified, in his opinion, was related to the automobile accident.[3]
During the course of direct examination of Mr. Crowe the drug bills, which were later declared to be inadmissible by the trial court, were acknowledged by Mr. Crowe. The testimony on this point was as follows:
“BY MR. WILLIAMS:
“Q Now, I have a bundle of bills here from Kuhl’s Pharmacy. Would you tell us what those are ?
“A These are the bills for the medicine that my wife has had to get during the past two years.
“Q This is just since the accident?
“A Just since the accident, yes.
“MR. WILLIAMS: We would like to mark this for Identification at this time.
"* * *
“Q The bills that we have all either identified or introduced into evi *656 dence are bills that have been sent to you and you have paid?
“A Yes, sir.”[4]
On direct examination Mrs. Crowe testified that she had taken many drugs since the accident. The testimony on this point is as follows:
“A I wasn’t able to participate, and I took many drugs. I don’t think— my family didn’t allow me to drive the car. I didn’t have any business in the car.
“Q What kind of drugs were these?
“A Of course, I had the prescription filled and I have heard many doctors tell me many drugs — many times, many of them were muscle relaxants, but I couldn’t tell you what they were at different times, and I went to the drug store or called the drug store for a prescription, and I took the drugs and that’s about the extent I know of it.
“Q Who prescribed these drugs for you ?
“A Dr. Marks, Dr. Gilman, the doctors at the clinic, any doctor that I went to.”
Continuing with the direct examination of Mrs. Crowe the record below reflects the following:
“Q I would like to show you something that’s been marked as Plaintiffs’ Exhibit B for Identification and ask you if you can tell us what these various bills are for, Mrs. Crowe.
“A These are for prescriptions that I have gotten through the pharmacy.
“Q Who prescribed these drugs for you?
“A The various doctors that I have been sent to over this period of time.”
At the conclusion of Mrs. Crowe’s direct examination plaintiffs’ counsel offered the drug bills into evidence. Counsel for the defendant objected on the basis that a sufficient predicate had not been laid. The trial judge first ruled that the bills in question were not admissible because a proper predicate had not been laid as to their “reasonableness”. At this point counsel for the defendants admitted that the basis of his objection was not as to their reasonableness, stating “We have agreed that the bills are reasonable”. Counsel for the defendants asserted that the primary objection was that without the prescription numbers, names of the drugs, or the prescribing physicians’ name on the bill there was no way to connect the bills to Mrs. Crowe’s injuries. At this point the trial court refused to admit the bills on the grounds that a proper predicate for their admission was not made.
We are of the opinion that from a review of the entire testimony below, portions of which are hereinabove illustrated, plaintiffs established a prima facie case for admissibility, and it was clearly within the province of the jury to determine what portion of the drug bills should be allowed as proven damages. Cf. Schmidt v. Tracey, Fla.App.1963, 150 So.2d 275; Giant Food Stores, Inc. v. Bowling, D.C.App.1964, 202 A.2d 783; Smith v. Champaign Urbana City Lines, Inc., Ill.App.1969, 252 N.E.2d 381; Brewer v. Drain, D.C.App.1963, 192 A.2d 532; and Sparling v. Hoard, Mo. App.1964, 380 S.W.2d 940.
In Wigmore on Evidence, 3d Edition, § 2487, p. 282, quoting from Speas v. Merchants’ Bank & Trust Co., 1924, 188 N.C. 524, 125 S.E. 398, it is stated:
“ ‘A “prima facie” case, or “prima facie” evidence, does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in *657 reply. He only takes the risk of an adverse verdict if he fail to do so. White v. Hines, 182 N.C. 275, 109 S.E. 31. The case is carried to the jury on a “prima facie” showing, and it is for them to say whether or not the crucial and necessary facts have been established. Cox v. [Aberdeen] R. R., 149 N.C. 117, 62 S.E. 884. Hence, when such “prima facie” case is made out, the duty of going forward with evidence in reply, if the opposing party would not hazard the chance of an adverse verdict, is shifted or rather cast, upon the opposite side. Winslow v. [Norfolk] Hardwood Co., 147 N.C. 275, 60 S.E. 1130.’ ”
It is also pointed out in Wigmore, supra, at § 2494, p. 295, quoting from McDaniel v. Atlantic Coast Line Ry. Co., 1925, 190 N.C. 474, 130 S.E. 208:
“ ‘A “prima facie” case means and means no more than, evidence sufficient to justify, but not to compel, an inference of liability, if the jury so find. * * * It simply carries the case to the jury for determination, and no more’; quoted more fully ante, § 2487.”[5] The cases cited both by appellants and ap-pellees deal primarily with the issue of “reasonableness” and shed little light on the determination of the issue at hand, particularly since defendants conceded that the drug charges were reasonable. The decision in Ratay v. Yu, Chen Liu, 1969, 215 Pa.Super. 547, 260 A.2d 484, relied upon by both appellants and appellees, sets forth a criteria for proving special medical damages for personal injuries as follows:
“In proving special medical damages for personal injuries, proof should be offered (1) that the medical services were rendered, (2) what the reasonable charges are therefor, (3) that the services for which they were rendered were necessary, and (4) that they were related to the trauma suffered in the accident.” (260 A.2d 484, at 486).
In Ratay the trial court admitted the plaintiff’s exhibits in evidence over defendant’s objections. The exhibits consisted of medical tests for treatments given to plaintiff by doctors or hospitals and a statement of charges therefor. The doctors or representatives from the hospitals were not called to testify at the trial. Defendant contended that these exhibits were inadmissible for the reasons that they were hearsay; that the doctor who did testify did not actually perform the services and was not qualified to express an opinion on their necessity; and that there was no competent proof of their reasonableness or that they were paid. Defendant asserted in support of these contentions:
“[T]hat the record does not contain any proof that the work was actually performed, contending, for example, that Exhibit D contains an item, ‘Laboratory 265.50,’ but there is no testimony on what was done in the laboratory for this charge. She contends that only the hospital employees or hospital doctors can testify to that effect and, since they were not called to testify, she has lost the right of cross-examination.” (260 A. 2d 484, at 486).
The court in rejecting defendant’s contentions observed that the proof of the necessity of these medical charges and their causal connection with the accident wás offered through plaintiff’s doctors’ testimony and that plaintiff herself corroborated her doctors’ testimony by describing tests by testifying that the tests were *658 given and that they were taken at the doctors’ advice.
In the case sub judice, the record reflects that Dr. Marks testified that he had prescribed drugs for the plaintiff, Mrs. Crowe, to take for pain resulting from the injuries.' Both appellants, Mr. and Mrs. Crowe, testified that bills were received for drugs taken by Mrs. Crowe and that the bills were paid and that they were prescribed by physicians one of whom was Dr. Marks.[6] We are of the opinion that the testimony of Dr. Marks and the plaintiffs Mr. and Mrs. Crowe which was received into evidence without objection coupled with defendant’s stipulation that such drugs were “reasonable”, established a prima facie case and a proper predicate for admission of the drug bills in question consistent with the criteria set forth in Ratay. Cf. Giant Food Stores, Inc. v. Bowling, supra; Smith v. Champaign Urbana City Lines, Inc., supra; Brewer v. Drain, D.C.App. 1963, 192 A.2d 532; and Valdin v. Holteen and Nordstrom, 1953, 199 Or. 134, 260 P.2d 504. Any evidentiary weakness in the format of the drug bills appears to us from the record and testimony to have been overcome. Evidence relating to medical expenses incurred “need not be such as to require liquidation of the damages with mathematical exactitude, so long as the evidence is sufficient for the jury to arrive at a reasonable basis of apportionment.” Murphy v. Bargain City, U. S. A., Inc., 1964, 203 Pa.Super. 406, 201 A.2d 299. See also Gray v. Alpert, D.C.W.D.Pa.1963, 220 F.Supp. 887.
We cannot speculate as to what weight the jury would have given the drug bills in question or whether such drug bills would have altered the jury verdict in any manner. We are of the opinion however that taking all the testimony as a whole a sufficient predicate was laid for the drug bills to be admitted into evidence subject to whatever rebuttal defendants deemed to be appropriate, Smith v. Champaign Ur-bana City Lines, Inc., supra, thereby affording the jury an opportunity to consider the drug bills as an element of damages in the overall verdict.
Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial on the issue of damages.
CROSS, C. J., and WALDEN, J., concur.

. The jury assessed the damages of plaintiff, Mary E. Crowe, at $1,000.00, and Ralph J. Crowe at $1,200.00.

. These injuries are described as a liga-mentous strain or sprain or mild cervical sprain.

.On cross-examination Dr. Marks stated that the relationship between the ulcer and the automobile accident was strictly an opinion and that he could not “prove it specifically”.

. Other bills reflecting medical treatment and care which were admitted into evidence are not at issue here.

. In Smith v. Champaign Urbana City Lines, Inc., supra, the Appellate Court of Illinois in concluding that a paid automobile repair bill was admissible in evidence as prima facie proof of the necessity and reasonableness of such repairs observed “No doubt the rule of prima-facie proof was developed to obviate the neces-245 So.2d — 42 sity of producing at a trial the garage repairman unless some evidence is introduced that the bill is faulty. It is a reasonable rule, eliminating unnecessary cost to parties and inconvenience to the public, and can be overcome by proper proof in those few cases where the bill is not correct in one or more aspects.”

. It is interesting to note that among the bills that were admitted into evidence without defendants’ objection was a bill from the Ochsner Clinic listing certain drug charges without indicating the drug name, prescription number or prescribing physician.