325 So.2d 35 (1976)
REGAN INSURANCE AGENCY, Appellant,
v.
KRAUSE & SONS, INC., a Florida Corporation, and Gerald W. Krause, an Individual, Appellees.
REGAN INSURANCE AGENCY, Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellee.
KRAUSE & SONS, INC., a Florida Corporation, and Gerald W. Krause, an Individual, Appellants,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Etc., Appellees.
KRAUSE & SONS, INC., a Florida Corporation, et al., Appellants,
v.
Morris SPANN, Appellee.
KRAUSE & SONS, INC., a Florida Corporation, et al., Appellant,
v.
Carlton E. REGAN, Appellee.
Nos. 75-36, 75-89 and 75-185 to 75-187.
District Court of Appeal of Florida, Third District.
January 20, 1976.
Rehearing Denied February 4, 1976.
Virgin & Whittle and Gary E. Garbis, Miami, for Regan Ins. Agency.
Brumer, Moss, Cohen & Rodgers and Burt E. Redlus, Miami, for Krause & Sons and Gerald W. Krause.
Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for Hartford Accident.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for Spann and Travelers Ins. Co.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
HENDRY, Judge.
These consolidated appeals arise from a final judgment after a jury trial where appellees, *36 plaintiffs below, Morris Spann, Ruth Spann, and the Travelers Insurance Company, as subrogee, sued Krause and Sons, Inc., and Gerald W. Krause for damages arising out of a vehicular accident, and where defendants, Krause and Sons, Inc., and Gerald W. Krause, as third party plaintiffs, filed a third party complaint against Hartford Insurance Company, Regan Insurance Agency, and Carlton E. Regan, as third party defendants, for their wrongfully denying coverage under an insurance policy issued to them and for their negligence in failing to provide sufficient coverage under the policy.
At the conclusion of the evidence, the trial court granted a directed verdict on the issue of liability between plaintiffs and defendants in favor of plaintiffs. Thereafter, the case went to the jury on the issue of damages and the third party claims. In accordance with the jury's findings, the trial court entered a final judgment awarding plaintiffs $17,000.00 from defendants and awarding the same amount to defendants as third party plaintiffs from Regan Insurance Agency, third party defendants. From this final judgment entered by the trial court dated December 16, 1974, appellants bring these consolidated appeals.
Appellant Regan Insurance Agency raises the following three points on appeal: first, that the final judgment against it is inconsistent as a matter of law, second, that the trial court erred in not entering a judgment or a judgment n.o.v. in its favor against appellee Hartford Insurance Company, and third, that the trial court erred in not granting its motions for a mistrial or a new trial based upon the prejudicial remarks of plaintiffs' counsel during closing arguments to the jury.
Appellants Krause and Sons, Inc., and Gerald W. Krause raise the following three points on appeal: first, that the trial court erred in directing a verdict on the issue of liability in favor of plaintiffs and against Gerald W. Krause, second, that the trial court erred in not granting their motions for a new trial based on excessiveness of plaintiffs' verdict against Gerald W. Krause, and third, that the trial court erred in not granting their motions for a mistrial due to the conduct of plaintiffs' counsel during his closing argument.
We will first consider the similar third points raised by appellants. The record discloses that, during argument, appellants objected to several statements made by plaintiffs' counsel as being inflammatory and prejudicial. Based on these objections, appellants moved for a mistrial, but their motions were denied. However, the trial judge gave a curative instruction to the jury in regard to these statements. Subsequently, appellants' motions for a new trial, based on the same points, were also denied.
Counsel are accorded a wide latitude in making arguments to the jury and, unless their remarks are highly prejudicial and inflammatory, statements made to the jury during closing arguments will not serve as a basis for reversing a judgment. Metropolitan Dade County v. Dillon, Fla. App. 1974, 305 So.2d 36; Decks, Inc. v. Nunez, Fla.App. 1974, 299 So.2d 165; Tate v. Gray, Fla.App. 1979, 292 So.2d 618; and Dixie-Bell Oil Co., Inc. v. Gold, Fla.App. 1973, 275 So.2d 19. In the instant appeals, we conclude that the statements made by plaintiffs' counsel and objected to by appellants were so prejudicial as to constitute reversible error when their motions for a mistrial or new trial were denied by the trial court, even in light of the curative instruction given. However, we further conclude that none of the points raised in the appeals constitute reversible error in regard to appellees Hartford Insurance Company and Carlton E. Regan. Therefore, the cause should be remanded to the trial court for a new trial on the issues of damages, except the final judgment appealed is affirmed as to Hartford Insurance Company and Carlton E. Regan. In light of this determination, it is unnecessary for us to discuss the other points raised on appeal by appellants.
Affirmed in part, reversed in part.