475 So.2d 986 (1985)
ALBERTSON'S, INC., Appellant,
v.
Ruth A. BRADY, Appellee.
No. 84-2372.
District Court of Appeal of Florida, Second District.
September 18, 1985.
Rehearing Denied October 16, 1985.
*987 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellant.
Gregory T. Elliott of Law Offices of David B. Kesler, P.A., St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Albertson's, defendant below, appeals from a final judgment awarding Plaintiff Ruth Brady damages in a personal injury suit.
Ruth Brady sued Albertson's for injuries sustained on June 21, 1981, when she was struck by a stock cart being used by one of Albertson's employees. Prior to trial, Albertson's admitted liability and the cause proceeded to trial solely on the issue of damages. The jury awarded Mrs. Brady $155,000. Albertson's motion for a new trial was denied, and the trial judge entered a final judgment based on the jury verdict. This appeal by Albertson's ensued. We reverse and remand for a new trial on the issue of damages.
Albertson's contends that the trial court erred in admitting certain medical bills into evidence. We agree. At trial plaintiff's counsel sought to introduce a composite exhibit of Mrs. Brady's medical bills into evidence. Mrs. Brady, in responding to her counsel's questions, described the exhibit as follows:
Q Ruth, I also have a composite exhibit which includes all medical bills and prescriptions that have been incurred to date. They total $13,122.94. *988 A Yes, and I have some medical bills at home I never brought to you.
Q Okay. But you've had occasion already to review this composite exhibit. Does this contain all the bills to date other than those you've just made reference to to the best of your knowledge?
A Yes. It's pretty close 'cause I thought maybe fifteen or twenty  but I didn't know how many thousands it was.
Albertson's objected on the ground that there was no predicate laid as to reasonableness and necessity. The trial judge did not rule on the objection at that time. Just before closing arguments, plaintiff's counsel requested a ruling on the admissibility of the exhibit. After deleting the portions of the exhibit pertaining to diagnoses, the trial judge admitted the medical bills into evidence.
It is well established that the plaintiff in a personal injury suit has the burden to prove the reasonableness and necessity of medical expenses. Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); Schmidt v. Tracey, 150 So.2d 275 (Fla. 2d DCA 1963), cert. denied, 159 So.2d 645 (Fla. 1964). Although some jurisdictions consider evidence of the amount of a medical bill to be sufficient proof of reasonableness, many, including Florida, require something more. See Annot., 12 A.L.R.3d 1347 (1967).
In Garrett v. Morris Kirschman & Co., 336 So.2d 566 (Fla. 1976), our supreme court held that expert medical testimony is not required in order to admit medical bills into evidence. There, the only testimony relating the doctor's bills to the injury was that of the plaintiff. The court nevertheless found that plaintiff's testimony adequately established the reasonableness and necessity of the medical bills.
Following Garrett, this court, in Easton v. Bradford, 390 So.2d 1202 (Fla. 2d DCA 1980), opined that under certain conditions a plaintiff's testimony may adequately establish the reasonableness and necessity of medical bills. In Easton we held that, since plaintiff's "detailed description of the treatment procedures clearly related the therapy to the accident," the medical bills were properly admitted into evidence.
Here, unlike in Garrett and Easton, plaintiff's testimony does not associate each medical bill with injuries resulting from the accident at Albertson's. Cf. Polaco v. Smith, 376 So.2d 409 (Fla. 1st DCA 1979). Thus, we conclude that the reasonableness and necessity of the medical bills were not adequately established by Mrs. Brady's testimony.
Nevertheless, Mrs. Brady contends that the testimony of the physicians, the bills themselves, and the hospital records sufficiently established a prima facie case for admissibility. She relies on Crowe v. Overland Hauling, Inc., 245 So.2d 654 (Fla. 4th DCA 1971), to support her contention. In that case, the fourth district determined that the testimony of the doctor, plaintiff's husband, and plaintiff, coupled with defendant's stipulation that the charges were reasonable, established a proper predicate for admission of some pharmacy bills.
We find Crowe inapposite for two reasons. First, unlike the instant case, the physician in Crowe testified that he prescribed drugs for the plaintiff to take for pain resulting from the injuries (emphasis supplied). Second, in Crowe, there was no question before the court as to reasonableness since the parties had stipulated that the charges were reasonable. There was no such stipulation in this case.
With the exception of her chiropractor,[1] Mrs. Brady's physicians did not relate the charges for medical services to the Albertson's incident. Thus, as defense counsel pointed out at trial, some bills contained in the composite exhibit may be unrelated to the Albertson's incident. This danger is evident from the testimony of the doctors at trial, many of whom did not *989 examine Mrs. Brady until nine months or more after the accident. The majority of these doctors could not say whether the injuries for which they treated Mrs. Brady were the result of the accident at Albertson's. Dr. Falkenburg, an osteopathic thoracic surgeon, did state that Mrs. Brady sustained thoracic outlet syndrome as a result of the accident. However, on cross-examination Dr. Falkenburg, who first examined Mrs. Brady almost three years after the accident, admitted that in forming this opinion he relied on Mrs. Brady's account of the origin of her injury.
Given the conflicting evidence from the physicians and plaintiff's failure to otherwise establish reasonableness and necessity, it was improper to present these bills to the jury to consider as a basis for determining the amount of damages to award. Nor should Albertson's be required to pay for medical expenses for which it is not responsible. Therefore, we order a new trial on the issue of damages. At that trial the judge must require proof as to the reasonableness and necessity of any medical bills offered into evidence.
In view of our remand for retrial, we deem it appropriate to discuss the two other issues raised by Albertson's, even though we do not consider them grounds for reversal. The first involves comments made by Mrs. Brady's attorney, who, during closing argument, stated:
This case for me personally is extremely difficult to try. I have a tendency to get very personally involved with my clients, and in this particular case it's no exception.
I strongly believe Ruth Brady. I strongly believe her disability.
Defense counsel objected to the statement and moved for a mistrial. The trial court sustained the objection and instructed the jury to disregard the remarks concerning the attorney's belief. However, the court denied defense counsel's motion for a mistrial.
We agree that the remarks by Mrs. Brady's counsel were improper. They are clearly in derogation of Florida Bar Code of Professional Responsibility, EC 7-24, DR 7-106(C)(4), which prohibits a lawyer from asserting a personal opinion as to the credibility of a witness. However, we do not think the remarks constitute reversible error.
The cases cited by Albertson's in support of a reversal involved far more egregious remarks than those here. See Kendall Skating Centers, Inc. v. Martin, 448 So.2d 1137 (Fla. 3d DCA 1984) (reversal required where plaintiff's closing argument characterized defendants as despicable and asserted that both they and their lawyers were liars); Sequin v. Hauser Motor Co., 350 So.2d 1089 (Fla. 4th DCA 1977) (defense counsel supported his statement of belief in the witness with his license to practice law). Here, the remarks, although improper, were not highly prejudicial nor inflammatory and, thus, are not a proper basis to order a new trial. Williams v. Winn Dixie, 443 So.2d 195 (Fla. 3d DCA 1983); Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981); Regan Insurance Agency v. Krause & Sons, Inc., 325 So.2d 35 (Fla. 3d DCA 1976).
As noted, the trial court sustained defense counsel's objection and gave a curative instruction to the jury. Under the circumstances, we find no error in the court's denial of defense counsel's motion for a mistrial. We recognize that trials often generate strong emotions. Nevertheless, we caution plaintiff's counsel, as well as others, to adhere closely to the Florida Bar Code of Professional Responsibility and to exercise restraint in comments in the trial of a cause.
The remaining issue raised by Albertson's concerns the admission, over its objection, of certain photographs of Mrs. Brady. On direct examination Mrs. Brady identified a series of pictures of herself; however, she was unable to recall the approximate dates of the photographs. She described what she was doing in each picture and explained who or what else was in each. She also mentioned the size clothing she wore when the pictures were taken. *990 This followed testimony from her husband and several acquaintances who described her personality, appearance and life style prior to the accident.
The pictures were introduced by the plaintiff to demonstrate the physical changes Mrs. Brady had undergone as a result of the accident and to corroborate the statements made by her husband and friends. Given the discretion of the trial judge to admit photographs which corroborate other evidence and the opportunity for cross-examination as to relevance, we do not believe that introduction of these pictures constitutes reversible error. Straight v. State, 397 So.2d 903 (Fla. 1981).
Nevertheless, on retrial, the court should require a predicate for introduction of any photographs of the plaintiff to at least show approximately when they were taken. Otherwise, it will be difficult for the jury to perceive whether the changes evidenced by Mrs. Brady's appearance were due to the passing of time and normal aging processes or were a result of the accident which occurred at Albertson's.
Accordingly, we reverse and remand for retrial on the issue of damages.
OTT and SCHOONOVER, JJ., concur.
NOTES
[1] The chiropractor responded to defense counsel's inquiry that his charges were reasonable and that his treatments were for injuries resulting from the Albertson's accident. Therefore, it was proper for the trial court to admit the charges for chiropractic services into evidence.