589 So.2d 973 (1991)
Lynne IRWIN and John Avakian, Appellants,
v.
Alice BLAKE and Allstate Insurance Company, Appellees.
No. 90-0549.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
Rehearing Denied January 7, 1992.
*974 Don M. Simon of Rosner & Simon, P.A., Fort Lauderdale, for appellants.
Gordon S. Daniels of Daniels & Daniels, Lauderhill, for appellees.
PER CURIAM.
Lynne Irwin and John Avakian, defendants in the trial court, appeal a final judgment. We affirm in part, but reverse in part and remand for new trial on the sole issue of medical bills.
We conclude that the trial court did not abuse its discretion in failing to wait for appellants' expert to appear and in ordering the expert's deposition to be read into evidence as a substitute for his testimony.
However, we conclude the trial court did err in barring appellants from arguing to the jury that appellee's medical bills were not reasonable and necessary. When a plaintiff testifies as to the amount of his or her medical bills and introduces such bills into evidence, it becomes "a question for a jury to decide, under proper instructions, whether these bills represented reasonable and necessary medical expenses." Garrett v. Morris Kirschman & Co., 336 So.2d 566, 571 (Fla. 1976). Although some jurisdictions consider evidence of the amount of a medical bill to be sufficient proof of reasonableness, many, including Florida, require something more. Albertson's Inc. v. Brady, 475 So.2d 986, 988 (Fla.2d DCA), rev. denied, 486 So.2d 595 (Fla. 1985).
GLICKSTEIN, C.J., and FARMER, J., concur.
POLEN, J., concurs in part and dissents in part with opinion.
POLEN, Judge, concurring in part and dissenting in part.
While I agree with the results reflected by the majority opinion, there is an additional point not addressed by the majority upon which I must dissent. The majority concludes there was no abuse of discretion in the trial court's failure to wait beyond the hour or so already allowed for appellants' expert to appear. Our opinion reflects the trial court properly ordered the expert's deposition to be read into evidence. I agree.
Where I disagree, however, is with the trial court's handling of appellants' counsel's request to proffer the expert's testimony when the expert finally appeared the next morning of the trial. Although there are few absolutes in jurisprudence, it is my view that it is almost always error to refuse such a proffer (out of the hearing of the jury, of course). How else can we as a reviewing authority determine possible prejudice except by reviewing such proffered testimony or evidence to determine the possible effect of its exclusion on the outcome of the cause?