POLEN, Judge,
dissenting.
I respectfully dissent. I would reverse based on the trial court’s failure to give appellants’ requested jury instructions on violation of a traffic regulation [Florida Standard Jury Instruction (Civil) 4.11, modified], together with a careless driving instruction per section 316.1925, Florida Statutes (1989). Further, although the issue raised by appellants’ fourth point on appeal, standing alone, would not warrant a reversal, were the majority inclined to reverse on the jury instruction, I would advocate that error was committed as to the fourth point as well. That point argues the trial court impermissibly precluded appellants’ expert, Mr. Bynum, from answering a question regarding appellees’ duty vis-a-vis traffic regulations. I would hold the trial court erred in disallowing the answer, albeit we have no proffer, which renders problematic whether the ruling prejudiced appellant. See Irwin v. Blake, 589 So.2d 973, 974 (Fla. 4th DCA 1992) (Polen, J., concurring in part and dissenting in part).