638 So.2d 604 (1994)
EAST WEST KARATE ASSOCIATION, Inc., Appellant/Cross-Appellee,
v.
Carlos RIQUELME and James Gipe, Appellees/Cross-Appellants.
No. 92-2715.
District Court of Appeal of Florida, Fourth District.
June 22, 1994.
Henry J. Hunnefeld of Carusello & Hunnefeld, P.A., Coral Gables, for appellant/cross-appellee.
Arnold R. Ginsberg of Perse, P.A. & Ginsberg, P.A. and Ansel & Simon, P.A., Miami, for appellees/cross-appellants.
POLEN, Judge.
Appellant, East West Karate Association, Inc. (East West) appeals from a final judgment entered after a jury verdict in favor of appellee Carlos Riquelme in a negligence action. Carlos Riquelme cross-appeals from the final judgment. East West Karate Association raises several issues on appeal; however, only one issue requires reversal.
*605 In April of 1990 Carlos Riquelme began taking karate lessons at East West Karate Association, Inc. In May of 1990 Riquelme participated in a voluntary, supervised sparring session. He was paired with another new karate student James Gipe. The two students sparred several times that evening and in their final match Riquelme was injured when Gipe delivered a kick to the left side of Riquelme's back just above the kidney. As a result, Riquelme suffered a ruptured spleen and underwent an emergency spleenectomy.
Riquelme filed a negligence action against James Gipe and East West seeking damages for his injuries. A jury trial commenced on June 29, 1992. Riquelme took a voluntary dismissal with respect to its claim against James Gipe. On June 30, 1992 the jury returned a verdict in favor of Riquelme in the amount of $27,107.08.
On appeal, East West maintains that the trial court erred in not submitting James Gipe's name on the jury verdict form. We agree. The trial court denied East West's request to place James Gipe's name on the verdict form noting that "Gipe is not a party." East West contends that by not allowing James Gipe's name on the verdict form, the trial court refused to allow any apportionment of liability against a participant in the accident which injured plaintiff. Thus, East West was held liable for the entire amount of Riquelme's damages. This issue is controlled by the Florida Supreme Court's recent decision in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993).
In Fabre, the supreme court reviewed Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992), based upon its certified conflict with Messmer v. Teacher's Insurance Co., 588 So.2d 610 (Fla. 5th DCA 1991), review denied, 598 So.2d 77 (Fla. 1992). The supreme court quashed the district court's opinion and held that section 768.81(3), Florida Statutes (Supp. 1988) is unambiguous and requires that judgment be entered against each party liable on the basis of that party's percentage of fault. The court reasoned that "[c]learly the only means of determining a party's percentage of fault is to compare that party's percentage of fault to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." Id. at 1185. Thus, a defendant is only required to pay noneconomic damages in an amount proportionate to his or her percentage of fault. Id.
The result in Fabre dictates that we reverse the instant case for a new trial. We also address the two additional issues raised by East West on appeal in the event that they should arise again upon retrial.
East West contends that the trial court erred in admitting certain medical bills of plaintiff's into evidence because plaintiff failed to carry his burden of proving the reasonableness and necessity of the bills in question. We disagree.
East West correctly argues that the plaintiff has the burden at trial to prove the reasonableness and necessity of medical expenses and that Florida requires more than just evidence of the amount of the bill to establish that reasonableness. Albertson's, Inc. v. Brady, 475 So.2d 986 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 595 (1986). However, it is not necessary for the plaintiff to provide expert testimony. Id. "When a plaintiff testifies as to the amount of his or her medical bills and introduces them into evidence, it becomes `a question for the jury to decide, under proper instructions, whether these bills represented reasonable and necessary medical expenses.'" Irwin v. Blake, 589 So.2d 973 (Fla. 4th DCA 1992), quoting Garrett v. Morris Kirschman & Co., Inc., 336 So.2d 566 (Fla. 1976).
We conclude that the trial court properly admitted plaintiff's medical bills into evidence and allowed the jury to determine the reasonableness and necessity of the charges.
East West also argues on appeal that the trial court erred in failing to grant its motion for a directed verdict at the close of all the evidence. According to East West no reasonable jury could have found that Riquelme did not subjectively appreciate the risk. We disagree.
We find from our review of the record that conflicting evidence existed with respect to plaintiff's appreciation of the risk. The trial *606 court properly submitted this case to the jury and allowed the fact finder to determine after reviewing all the evidence whether Riquelme did or should have subjectively anticipated the risk. Kuehner v. Green, 436 So.2d 78 (Fla. 1983).
Additionally, having concluded that Fabre requires that this case be reversed for a new trial, Riquelme's cross-appeal is rendered moot.
We reverse and remand for a new trial consistent with this opinion.
GUNTHER and STONE, JJ., concur.