PER CURIAM.
Having plead nolo contendere to grand theft, appellant contests the amount of restitution imposed by the trial court. We reverse the order of restitution[1] and remand for further proceedings consistent herewith.
Appellant’s plea resulted from his embezzlement of funds paid by purchasers to his employer’s used car business. Appellant would take money from customers, give them a receipt, but would not credit their accounts. The employer’s president, David Absec, claimed that appellant had taken about $2,797, and in support of his testimony regarding the amount of money taken, introduced handwritten receipts, ledger sheets (including notations by Absec thereon), and statements of customers allegedly made to him.
Appellee claims that the receipts were written and signed by appellant. If so, they would be admissible under the party-opponent exception to the hearsay rule.[2] Appellant’s brief has not refuted the contention that the receipts were written and signed by appellant. Although the receipts, together with the potentially admissible ledger sheets, would support restitution, they do not total $2,797, the amount of restitution ordered by the trial court.
In the present case, the ledger sheets would have been admissible under section 90.803(7) to show that the company did not receive certain sums of money from customers, if appellee had introduced testimony to lay the proper foundation.[3] Absec probably could have testified as to the required foundation because he was the owner of the business and sometimes collected the money himself. However, the state’s failure to introduce testimony laying the proper foundation was fatal to the application of this exception. Quick v. State, 450 So.2d 880, 881 (Fla. 4th DCA 1984).
Moreover, there were notations made by Absec on the ledgers, which were not admissible under the business records exception because they were made in anticipation of litigation and not in the regular course of business.[4] Furthermore, “[whenever a record is made for the purposes of preparing for litigation, its trustworthiness is suspect and should be closely scrutinized.” Charles W. Ehrhardt, Florida Evidence § 803.6 (1994).
*599 Finally, the statements of the customers, as testified to by Absec, do not fall within any hearsay exception. Although section 90.803(7) might be read to allow Absec to testify that the ledger sheets/business records show the company did not receive payment from certain customers, the statements of the customers — which became notations on the ledger sheets — that they did in fact pay, are not within the purview of section 90.-803(6) or (7).
The above errors were not harmless.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.

. The trial court erroneously believed hearsay evidence was admissible in a restitution hearing. The general rule is that hearsay testimony is not admissible in a restitution hearing unless defense counsel fails to properly object to the evidence. Thomas v. State, 581 So.2d 992, 993 (Fla. 2d DCA 1991); Strickland, v. State, 610 So.2d 705 (Fla. 4th DCA 1992) (trial court may not rely on unsworn testimony); see also Langston v. State, 616 So.2d 597 (Fla. 4th DCA 1993) (trial court has affirmative duty to conduct restitution hearing to determine credibility of witnesses and may not rely upon written statements from witnesses in lieu of hearing), rev. denied, 626 So.2d 206 (Fla.1993).

. Section 90.803(18)(a), Florida Statutes (1991), provides that "[a] statement that is offered against a party and is ... [h]is own statement,” is not inadmissible, even though declarant is available as a witness.

. A hearsay exception is available to admit evidence that a matter is not included in a business record “to prove the nonoccurrence or nonexistence of the matter.” § 90.803(7), Fla.Stat. (1991). “In order to provide for the admissibility of evidence under section 90.803(7) it must be shown that the records were kept in accordance with section 90.803(6) and in such a manner that the fact would have been recorded if it had occurred. It is necessary to call a witness to testify to the required foundation.” Charles W. Ehrhardt, Florida Evidence § 803.7 (1994). A lack of trustworthiness will render evidence inadmissible under section 90.803(7).

.The business records exception to the hearsay rule requires that the record custodian or other qualified witness testify that the record was “kept in the course of a regularly conducted business activity and [that] it was the regular practice of that business activity to make such [record]." § 90.803(6)(a), Fla.Stat. (1991). However, such record is inadmissible if circumstances indicate a lack of trustworthiness concerning the record. Id.