MORRIS, Judge.
The appellee’s motion for rehearing en banc is denied. The appellee’s motion for clarification is granted in part and denied in part. The opinion dated July 8, 2011, is withdrawn and the following opinion is substituted therefor, clarifying that a new trial should be held on the issue of damages. No further motions for rehearing or clarification shall be considered.
State Farm Mutual Automobile Insurance Company appeals a final judgment entered after a jury verdict in favor of its insureds, Twyman Bowling and Terry Bowling, in the amount of their uninsured motorist (UM) policy limits. On appeal, State Farm raises three evidentiary issues. We see no error in the trial court’s rulings on two of the issues, but we find merit in the third issue raised by State Farm. Accordingly, we reverse the final judgment and remand for a new trial on damages.
Mr. Bowling filed suit against State Farm seeking coverage under the UM provision of his policy for injuries he received in an automobile accident. Mrs. Bowling filed a claim for loss of consortium. The case proceeded to a jury trial, after which the jury returned a verdict in favor of the Bowlings for $944,154.50. Upon motion by State Farm, the trial court reduced the judgment to the UM policy limits of $100,000.
State Farm’s witness list indicated that Debra Pacha had been retained by State Farm as an expert witness to testify to the reasonableness of the charges submitted for the medical treatment provided to Mr. Bowling. Ms. Pacha testified at her deposition that she was asked to testify “concerning the reasonableness of charges for medical treatment rendered to” Mr. Bowling. She testified that she compared the *540 bills to the medical treatment records and found “extreme abuse in regards to the coding, billing!],] and medical record documentation” of four of Mr. Bowling’s main medical care providers. She testified that as for those four providers, “there is absolutely nothing within that documentation that is supportive or representative of any of the billed procedures that I have reviewed.” Her report also indicated that she reviewed $278,000 in medical bills and found that $111,000 in charges did not have any supporting medical codes.
The Bowlings filed a motion to exclude Ms. Pacha’s testimony, arguing that it would not assist the jury in determining whether Mr. Bowling’s bills are reasonable, that Ms. Pacha was not qualified to render an opinion as to the reasonableness of the bills, and that in her deposition, she failed to give any opinion as to the reasonableness of the bills. Prior to trial, the trial court granted the Bowlings’ motion by written order, finding that “the testimony of the witness will not assist the jury in determining whether Mr. Bowling’s medical bills are reasonable” and that Ms. Pa-cha was not “qualified to render an opinion as to the reasonableness of those medical bills.”
As in a suit for personal injury, a plaintiff seeking UM coverage must demonstrate that his or her medical expenses are reasonable and necessary. See USAA Cas. Ins. Co. v. Shelton, 932 So.2d 605, 608 (Fla. 2d DCA 2006) (“Just as she would in a suit against the tortfeasor, the insured [seeking UM recovery] bears the entire burden to prove that her claimed damages were reasonable, necessary, and related to the accident.”); Albertson’s, Inc. v. Brady, 475 So.2d 986, 988 (Fla. 2d DCA 1985) (“It is well established that the plaintiff in a personal injury suit has the burden to prove the reasonableness and necessity of medical expenses.” (citing Shaw v. Puleo, 159 So.2d 641 (Fla.1964))). To meet this burden, the Bowlings used a one-page summary of Mr. Bowling’s medical bills and Mr. Bowling testified that the charges were reasonable. State Farm attempted to refute this evidence with the testimony of Ms. Pacha.
On appeal, State Farm argues that the trial court erred in excluding the testimony of Ms. Pacha as State Farm’s medical billing and coding expert. We agree. Section 90.702, Florida Statutes (2009), provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.
“This section requires the court to make two preliminary determinations: (1) whether the subject matter will assist the trier of fact in understanding the evidence or in determining a disputed fact[ ] and (2) whether the witness is adequately qualified to express an opinion on the matter.” Chavez v. State, 12 So.3d 199, 205 (Fla.2009).
As part of its defense that Mr. Bowling fabricated or exaggerated his injuries, State Farm argued that Mr. Bowling’s medical providers fabricated or exaggerated the medical care necessary for his alleged injuries. Ms. Pacha’s testimony that the bills did not correlate to the treatment in the medical records was relevant to prove this defense. Her testimony regarded a technical matter of which the jury did not have basic knowledge. See United States v. Diaz, No. 07-20398-CR, 2008 WL 906725, at *6 (S.D.Fla. Mar. 28, *541 2008) (noting that medical billing codes are beyond the knowledge of an ordinary juror); see also Johnson v. State, 393 So.2d 1069, 1072 (Fla.1980) (holding that expert opinion testimony must relate to a “disputed issue [that] is beyond the ordinary understanding of the jury”). Therefore, the subject matter of Ms. Pacha’s testimony would have assisted the jury in determining whether Mr. Bowling’s medical bills, on which he based his claim for damages, accurately reflected the treatment he was documented to have received. This issue was directly relevant to whether Mr. Bowling’s claimed medical expenses were reasonable and necessary.
As to Ms. Pacha’s qualifications, it is clear from her deposition that she has specialized knowledge and training to express an opinion on whether the medical bills were properly coded and whether they correspond to the medical records documenting the purported treatment. See § 90.702; Charles Ehrhardt, Florida Evidence § 702.1, at 677-78 (2009 ed.) (noting that definition of expert in section 90.702 “applies not only to persons with scientific or technical knowledge but also to anyone with any specialized knowledge”). Ms. Pacha took multiple education courses in the field of coding, she passed a national board examination, and she is a licensed Registered Medical Coder, which allows “the auditing of the documentation, billing[,] and coding” of physician offices, hospitals, and ambulatory surgical centers. She attained the status of a Diplómate of the American Board of Forensic Examiners after taking an examination and teaching education courses. Moreover, she gained professional experience analyzing and reviewing medical coding for various clients such as the FBI, the State Attorney’s Office, Federal Express, Wal-Mart, the insurance industry, and attorneys— both plaintiff and defense. Therefore, Ms. Pacha’s training and experience qualify her as an expert in medical billing coding.
In granting the Bowlings’ motion to exclude Ms. Pacha’s testimony, the trial court found that Ms. Pacha is not qualified to give an expert opinion regarding whether the bills were reasonable. This was error. While Ms. Pacha does not have the necessary medical background to render an opinion on whether the medical care allegedly provided to Mr. Bowling was reasonable, she does have the requisite skill and training to render an opinion on whether the bills submitted by his medical providers accurately reflect the care documented in the medical records of those same providers. This was directly relevant to the amount of damages claimed by the Bowlings.
We recognize that a trial court has broad discretion in ruling on the admissibility of expert witness testimony, see McWatters v. State, 36 So.3d 613, 629 (Fla. 2010), but “[o]ne of a party’s most important due process rights is the right to call witnesses,” Keller Indus, v. Volk, 657 So.2d 1200, 1202-03 (Fla. 4th DCA 1995). “A trial court should only exclude witnesses under the most compelling of circumstances,” Keller Indus., 657 So.2d at 1203, especially “when the witness sought to be excluded is a party’s only witness or one of the party’s most important witnesses because if the witness is stricken, that party will be left unable to present evidence to support his or her theory of the case,” Pascual v. Dozier, 771 So.2d 552, 554 (Fla. 3d DCA 2000). Ms. Pacha was State Farm’s only witness who could testify in support of State Farm’s defense that the medical bills submitted for recovery by Mr. Bowling were inaccurate and therefore unreasonable. This testimony was especially important because at least two of Mr. Bowling’s medical providers *542 admitted at trial that certain bills included items that should not have been billed.
The trial court abused its discretion in excluding the testimony of Ms. Pacha, and we reverse the final judgment and remand for a new trial on damages consistent with this opinion.
Reversed and remanded.
KELLY, J., Concurs.
CRENSHAW, J., Concurs in part and dissents in part with opinion.