376 So.2d 409 (1979)
Floyd POLACO, Individually and d/b/a Floyd's Foreign Car Service, Jerrie Thames Polaco and Excel Insurance Company, Appellants,
v.
Gloria Exie SMITH, Appellee.
No. NN-190.
District Court of Appeal of Florida, First District.
October 18, 1979.
Rehearing Denied November 16, 1979.
G. Miles Davis of Beggs & Lane, Pensacola, for appellants.
John Peter Kirtz, Jr., Pensacola, for appellee.
PER CURIAM.
Appellants raise two points as error. First they argue that the trial court erred in admitting the mortality tables into evidence and instructing the jury on pain and suffering. Appellants' second argument is that the trial court erred in admitting into evidence certain of plaintiff's medical bills without proper proof of their reasonableness or necessity.
We affirm as to both points.
Appellee was involved in an automobile accident and suffered a whiplash injury. There was conflicting evidence offered at trial regarding the permanency of her injuries and there was no definitive expert testimony that she suffered a permanent injury. However, appellee testified, without objection, that her injury was permanent.
We further note that appellants objected to the introduction of the mortality tables but did not object to the giving of Florida Standard Jury Instruction 6.9 on permanent injury and the use of the mortality tables.
It is well-settled that the failure to object waives the objection. Sharpe v. Herman A. Thomas, Inc., 294 So.2d 14 (Fla. 3d DCA 1974). Cantor Associates, Inc. v. Blume, 106 So.2d 603 (Fla. 3d DCA 1958).
By their failure to object to appellee's testimony and to the giving of the instruction on the mortality tables, appellants waived the right to now claim error.
Appellee also testified that she had incurred all of the medical bills as a result of the accident. Her doctors testified that they had prescribed the medicine for her. Her testimony alone was sufficient predicate for allowing the jury to resolve the *410 question of whether the medical bills were reasonable or necessary. Garrett v. Morris Kirschman and Company, Inc., 336 So.2d 566 (Fla. 1979), Crowe v. Overland Hauling, Inc., 245 So.2d 654 (Fla. 4th DCA 1971).
AFFIRMED.
MILLS, C.J., and McCORD and ERVIN, JJ., concur.