390 So.2d 1202 (1980)
Ballard William EASTON and Goodville Mutual Casualty Company, Appellants,
v.
William Jones BRADFORD, Appellee.
No. 79-1588.
District Court of Appeal of Florida, Second District.
November 12, 1980.
Rehearing Denied December 18, 1980.
*1203 Michael S. Rywant of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellants.
Steven T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellants Ballard William Easton and his insurer, Goodville Mutual Casualty Company, appeal an order granting appellee Bradford's motion for a new trial in a vehicular negligence action. Appellants also contend that the trial court improperly admitted a certain medical bill into evidence in the absence of testimony from a medical expert as to the reasonableness of the bill.
The relevant facts are as follows: Prior to opening statements at the jury trial, appellants admitted liability for the accident and the cause was tried solely on the issue of whether appellee Bradford surpassed the no-fault threshold and the matter of damages, if any. During the trial, a medical bill from Dr. Urquiza was admitted into evidence over appellants' objection. Bradford testified that his treating physician, Dr. Sierra, had referred him for physiotherapy to Dr. Urquiza in an effort to alleviate the pain from injuries received in the accident. He stated that he had not paid the bill.
At a jury instruction conference held prior to final argument, both parties submitted their proposed instructions. After the conference, but before the jury was impanelled for closing arguments, the court gave both parties an opportunity to state any objections they might have to the proposed instructions. The only objection noted was that of appellants regarding the court's refusal to give a requested instruction on personal injury protection benefits.
After the jury was charged, the court gave an additional opportunity for the parties to advise if there were any further instructions. At that time both parties indicated that there was no other instructions that they wished the jury to be given. During deliberations, the jury submitted a question to the court relative to filling out the verdict form. The question as stated by the foreman was: "If we award no permanent injuries, can we award damages?" The court instructed the jury to answer both questions on the verdict form. After the jury again retired to deliberate, appellee's counsel requested for the first time that the court instruct the jury as to a serious, nonpermanent injury. The court refused this request contemporaneously *1204 with the jury's indication that it had arrived at a verdict. The jury found that appellee Bradford had not sustained a permanent injury and awarded him $7,500 in damages.
Following a hearing on appellee's motion for a new trial, the court entered an order finding, in pertinent part, that the omission of the issue of serious, nonpermanent injury from the verdict form was brought to the court's attention while the verdict was still under the control of the jury, and that appellee's objections was timely made. The court found that the omission of that issue from the verdict form did not afford appellee a fair trial on all the issues and that appellee was entitled to a new trial on the sole issue of whether he had sustained a serious, nonpermanent injury.
In view of the extensive testimony elicited regarding appellee's physical condition from the date of the accident to the time of trial, we hold that evidence of nonpermanent injuries was properly presented to the jury for determination upon instruction by the court. Appellee's counsel pointed out the deficiency in the jury charge and verdict form before the jury returned its verdict. Thus, the trial court correctly exercised its sound discretion in granting a new trial. Appellants' argument that the objection to the omission of the jury instruction was untimely is correct only as it applies to preserving the point for appellate review. We concur with the decision in Shank v. Fassoulas, 304 So.2d 469 (Fla. 3d DCA 1974), in which the court held that a party's failure timely to object to the form of a verdict does not "diminish the authority of the trial judge to grant a motion for a new trial in the exercise of his sound discretion... ."
As to the admission of the medical bill into evidence, we refer to the case of Garrett v. Morris Krischman & Company, 336 So.2d 566 (Fla. 1976), in which the supreme court held that "expert medical testimony [is] not required in order to render ... medical bills inadmissible in evidence." In that case, the plaintiff's testimony was the only testimony which authenticated the medical charges as being reasonable and related to the accident. In a footnote, the court noted that the plaintiff testified the bill had been paid. 336 So.2d at 571 n. 8.
The Third District Court of Appeal evidently found this footnote to be of great significance on the question of the reasonableness of medical expenses. In Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978), that court cited Garrett for the proposition that "expert testimony ... is not necessary to justify the admission of the bills, when, as in Garrett, they have been paid."[1] We are not convinced that the Garrett decision placed Florida firmly within the jurisdictions which hold that evidence of payment of medical expenses is prima facie evidence of the reasonableness of those expenses. This is particularly true in the case sub judice where appellee testified repeatedly that he was unable to afford various medical procedures recommended by his physician. The fact that he did not pay Dr. Urquiza's bill is, in our opinion, more likely attributable to his financial condition than to the reasonableness of the charges. Appellee's testimony that his treating physician referred him to Dr. Urquiza for physiotherapy and his detailed description of the treatment procedures clearly related the therapy to the accident. At that point, the trial judge properly placed the question of the necessity and reasonableness of the charges within the purview of the jury. Any evidence to the contrary could have been presented by appellants to offset the weight of the appellee's testimony.
For the reasons stated, we hold that the trial court did not abuse its discretion in granting appellee a new trial on the sole question of serious, nonpermanent injuries *1205 and that Dr. Urquiza's medical bill was properly admitted into evidence.
AFFIRMED.
RYDER and DANAHY, JJ., concur.
NOTES
[1] The First District Court of Appeal held that the plaintiff's testimony alone relating to the medical bills to the accident was sufficient predicate to allow the jury to resolve the question of whether the bills were reasonable and necessary. Polaco v. Smith, 376 So.2d 409 (Fla. 1st DCA 1979).