KELLY, Judge.
 

 Paul Fell appeals the final judgment entered against him in a personal injury action. Fell was a back-seat pas
 
 *120
 
 senger in a Chevrolet Blazer involved in a rear-end collision in which the defendants, Nancy and Kenneth Carlin, admitted fault. On appeal, Fell contends the trial court should have directed a verdict in his favor on the issue of whether he sustained an injury caused by the accident.
 
 [1]
 
 After a thorough review of the record, we conclude the trial court properly denied Fell’s motion for a directed verdict. Accordingly, we affirm.
 

 The standard of review on appeal of a trial court’s ruling on a motion for directed verdict is de novo in which we apply the same test used by the trial court in ruling on the motion.
 
 Sims v. Cristinzio,
 
 898 So.2d 1004, 1006 (Fla. 2d DCA 2005).
 

 A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmov-ing party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor of the nonmoving party. If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury.
 

 Id.
 
 at 1005 (citations omitted). Fell argues he was entitled to a directed verdict on the issue of whether he had sustained an injury as a result of the accident because every physician who testified at trial, including the physician who testified for the defense, opined that he had. While accurate, Fell’s argument overlooks the fact that a jury may reject even uncontroverted expert medical testimony provided it has a reasonable basis to do so, such as where there is conflicting lay testimony.
 
 See Weygant v. Ft. Myers Lincoln Mercury, Inc.,
 
 640 So.2d 1092, 1094 (Fla.1994);
 
 Easkold v. Rhodes,
 
 614 So.2d 495, 498 (Fla.1993).
 

 Here, the jury heard testimony that would have provided it with a reasonable basis to reject the medical experts’ opinions that Fell had an injury caused by the accident. The medical opinions regarding Fell’s injury were based on his subjective complaints of pain. Accordingly, the validity of those opinions depended on Fell’s candor in reporting his complaints. In particular, the Carlins’ medical expert testified that while he believed Fell had sustained a soft tissue injury that was not permanent, his opinion was a “benefit of the doubt” diagnosis. He explained that
 
 *121
 
 this meant he based his opinion on Fell’s subjective complaints of pain which he assumed were truthful; however, if they were not truthful, his opinion would not be valid. Thus, if the jury had a reasonable basis to conclude Fell was not candid with his doctors, it also had a basis to reject them opinions regarding whether he was injured as a result of the accident.
 

 We conclude that the evidence, viewed in the light most favorable to the Carlins, provided the jury with a reasonable basis to conclude that Fell was not candid with his doctors. Among other things, the evidence showed the following: the impact was so minor neither vehicle sustained visible property damage; Fell did not seek emergency medical treatment although he later claimed to have experienced pain and stiffness immediately after the impact; two days after the accident Fell went to a previously scheduled doctor’s appointment and never mentioned the accident, did not note any back or neck pain on the patient history form, did not complain of pain or stiffness, and did not exhibit symptoms of pain or injury during his physical examination; Fell did not miss any work and did not complain of pain at work; and as time passed, Fell gave increasing estimates of the speed of the Carlins’ car while admitting at trial that he had not seen the car before impact. In light of this evidence, a jury could reasonably infer that Fell had not been injured in the accident and that he had not been candid with his physicians. Accordingly, the trial court correctly denied Fell’s motion for directed verdict and allowed this issue to go to the jury.
 

 Affirmed.
 

 FULMER and CASANUEVA, JJ., Concur.
 

 [1]
 

 . Fell also contends that improper remarks by counsel during closing argument warrant a reversal and remand for a new trial. Based on our review of the record, we conclude that even if the remarks were improper, a matter we do not decide, trial counsel either did not preserve the arguments for appeal or Fell did not demonstrate that the remarks were harmful; thus the trial court did not abuse its discretion when it denied his motion for a new trial. We also note that Fell’s brief raises only two issues: the trial court's failure to direct a verdict on the issue of injury and whether counsel’s improper remarks warranted a new trial; however, in his argument regarding the directed verdict, Fell contends that he was at least entitled to recover medical expenses for diagnostic testing. "[I]n order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely, and separately as points on appeal.”
 
 State Comprehensive Health Assoc. v. Carmichael,
 
 706 So.2d 319, 321 (Fla. 4th DCA 1997) (quoting
 
 Singer v. Borbua,
 
 497 So.2d 279, 281 (Fla. 3d DCA 1986));
 
 see also
 
 Fla. R.App. P. 9.210(b) (2008). Therefore, we do not decide this issue. Were we to consider this issue, however, we would nevertheless affirm.
 
 See Dep’t of Transp. v. Rosario,
 
 782 So.2d 927, 928 (Fla. 2d DCA 2001);
 
 Beverly Health & Rehab. Servs., Inc. v. Freeman,
 
 709 So.2d 549, 551 (Fla. 2d DCA 1998);
 
 Plana v. Sainz,
 
 990 So.2d 554, 557 (Fla. 3d DCA 2008);
 
 Martin
 
 v.
 
 Chapman,
 
 780 So.2d 929, 930 (Fla. 5th DCA 2001).