DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT WALEROWICZ,**
Defendant,

v.

**MANDY NICKY ARMAND-HOSANG,**
Appellee.

No. 4D17-1900

[May 23, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 06-2016-CA-002924-AXXX-CE.

Kansas R. Gooden of Boyd & Jenerette, P.A., Jacksonville, for appellant.

Philip M. Gerson and Edward S. Schwartz of Gerson & Schwartz, P.A., Miami, for appellee.

CONNER, J.

The appellant, Robert Walerowicz ("Defendant"), appeals the final judgment for damages awarded by the jury in the personal injury action brought by the appellee, Mandy Nicky Armand-Hosang ("Plaintiff"). Defendant asserts eight separate grounds for reversing the final judgment entered below. The eight grounds revolve around three primary contentions: the trial court erroneously (1) allowed the jury to consider evidence of past medical expenses for which there was insufficient proof of the reasonableness and necessity; (2) allowed Plaintiff's treating physician to testify as an expert witness about causation and permanency in violation of a trial preparation order; and (3) used a procedure for jury selection which denied Defendant the right to intelligently use his peremptory challenges. We affirm the trial court's rulings on the jury selection issue without discussion. We also affirm the trial court's rulings regarding the sufficiency of the evidence of past medical expenses and admission of expert opinion testimony, and explain our reasoning.

*Background*

Plaintiff filed suit against Defendant seeking damages for bodily injuries she sustained as a result of an automobile accident. Prior to trial, Defendant admitted liability for the accident, but denied that the accident caused the Plaintiff's injuries. The case proceeded to a jury trial to resolve the issues of causation, permanency of the injuries, reasonableness and necessity of medical bills, and damages.

As discussed more fully below, at trial, Defendant objected to Plaintiff's treating physician, an orthopedic surgeon ("the Surgeon"), testifying as an expert on issues of causation and permanency. Additionally, at the close of Plaintiff's case in chief, Defendant unsuccessfully moved for a directed verdict on the issue of past medical expenses, contending there was no evidence of the reasonableness and necessity of the bills presented, other than the bills from the Surgeon. Defendant argued that the full amount of the bills by other providers should not have been submitted to the jury.

The jury determined that Defendant was the legal cause of permanent injury to Plaintiff and awarded damages for past medical expenses, past pain and suffering, and future pain and suffering.

After trial, Defendant filed a motion for new trial and for judgment in accordance with motion for directed verdict based on arguments that the trial court erred in allowing the Surgeon to testify as an undisclosed expert and by denying his motion for directed verdict. Defendant's post-trial motions were denied, whereupon Defendant gave notice of appeal.

*Appellate Analysis*

*Reasonableness and Necessity of Past Medical Bills*

*Additional Background*

At trial, the Surgeon testified extensively about Plaintiff's shoulder injury requiring surgery and his course of treatment. With regards to his medical bill, the Surgeon testified that the total bill for his practice group was $58,000, which included the surgery, office visits, x-rays, and therapy.

Plaintiff also testified and described the various treatments she underwent as a result of the accident. She testified that prior to her car accident, she had never injured her left shoulder. Because of the accident, she went to an urgent care facility the same day for pain and stiffness in the back of her neck and a numbing sensation radiating from her shoulder

to her fingers. When the pain continued, approximately a month later, she went to the medical group. She testified she sought treatment at the medical group for several months, where she underwent different kinds of physical therapy, including massage, heat compressions, and ice compressions. Because her shoulder and arm were not getting better, she had an MRI performed, after which the doctors at the medical group recommended she undergo shoulder surgery. She testified that she then went to a doctor for a second opinion, and that doctor referred her to his partner, the Surgeon, who performed the surgery. She testified that she went to a separate medical provider for pre-surgery clearance where several tests were conducted. The Surgeon also testified to these tests. Finally, Plaintiff testified that she had more therapy after the surgery to improve mobility and strength, though she was still experiencing pain and her injury hindered her ability as a musician to fix and play instruments.

After referencing an exhibit containing her medical bills, Plaintiff's counsel asked her if she still owed all of the money on the medical bills, to which she testified, "Yes, I do." During a subsequent break in the trial, Plaintiff's medical records, including bills for past medical services, were admitted into evidence.

During Defendant's presentation of evidence, Defendant's medical expert disputed the reasonableness of the amounts charged for various procedures performed on Plaintiff.

Defendant moved for a directed verdict on the issue of the past medical bills, contending that Plaintiff failed to present sufficient evidence to prove the reasonableness and necessity of the past medical expenses, except for the treatment provided by the Surgeon. The trial court denied the motion.

*Analysis*

Defendant contends the trial court erred in denying his motion for a directed verdict and motion for judgment in accordance with a motion for directed verdict regarding past medical bills. The basis for both motions was that there was insufficient evidence of the reasonableness and necessity for past medical services rendered, other than the bills relating to the services of the Surgeon. In other words, Defendant contended below that the jury could only consider an award up to $58,000 for the past services of the Surgeon, and not consider an award for the services of other medical providers.

A trial court's ruling on a motion for directed verdict and a motion for judgment in accordance with a motion for directed verdict is reviewed *de novo. Aragon v. Issa,* 103 So. 3d 887, 888 (Fla. 4th DCA 2012). In

3

reviewing a trial court's ruling on a motion for directed verdict, "an appellate court must view the evidence, resolve all conflicts in the evidence, and construe every reasonable conclusion that may be drawn from the evidence in the light most favorable to the non-moving party." *Id.* "The standard of review of a trial court's evidentiary rulings is abuse of discretion." *McDuffie v. State*, 970 So. 2d 312, 326 (Fla. 2007) (citing *Fitzpatrick v. State*, 900 So. 2d 495, 514-15 (Fla. 2005)).

Defendant correctly argues that it was Plaintiff's burden to prove the reasonableness and necessity of medical expenses. *See Albertson's Inc. v. Brady*, 475 So. 2d 986, 988 (Fla. 2d DCA 1985) ("It is well established that the plaintiff in a personal injury suit has the burden to prove the reasonableness and necessity of medical expenses.").

Regarding reasonableness, "[a]lthough some jurisdictions consider evidence of the amount of a medical bill to be sufficient proof of reasonableness, many, including Florida, require something more." *Id.* As we have observed, in a personal injury action, "[t]he patient's obligation is not to pay whatever the provider demands, *but only a reasonable amount.*" *Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson*, 33 So. 3d 148, 150 (Fla. 4th DCA 2010) (emphasis added) (quoting *A.J. v. State,* 677 So. 2d 935, 937 (Fla. 4th DCA 1996)). Thus, in Florida, the plaintiff's burden to prove the reasonableness and necessity of medical expenses "requires more than just evidence of the amount of the bill to establish that reasonableness." *E. W. Karate Ass'n, Inc. v. Riquelme*, 638 So. 2d 604, 605 (Fla. 4th DCA 1994).

Defendant concedes that expert testimony is not required to establish the reasonableness and necessity of medical bills; instead, a plaintiff's lay testimony may adequately establish the reasonableness and necessity of the medical bills. *See Garrett v. Morris Kirschman & Co.*, 336 So. 2d 566, 571 (Fla. 1976)); *Easton v. Bradford*, 390 So. 2d 1202, 1204 (Fla. 2d DCA 1980) (holding that the plaintiff's "detailed description of the treatment procedures clearly related the therapy to the accident," and the medical bills were properly admitted into evidence). However, quoting *Albertson's*, Defendant contends that where a plaintiff "does not associate each bill with injuries resulting from the accident . . . the reasonableness and necessity of the medical bills [are] not adequately established[.]" *Albertson's,* 475 So. 2d at 988.

Defendant argues that there was no testimony from Plaintiff associating each bill to the subject accident. Specifically, Defendant asserts that Plaintiff simply testified that she still owes the past medical bills but that she did not know the amount. He points out that the medical bills

4

themselves were insufficient to meet her burden to prove the reasonableness and necessity of her past medical bills, apart from the Surgeon's bill.

Plaintiff responds that her testimony sufficiently established the reasonableness and necessity of all of the medical bills by describing the treatment for which the bills were incurred and relating that treatment to the injuries sustained. She maintains that she was not required to address specific dollar amounts, contrary to Defendant's assertion, and all that was necessary was to link the medical treatments she received to the injury resulting from the accident.

In *Albertson's*, the Second District determined that the trial court improperly admitted a composite exhibit of the plaintiff's medical bills. There, the plaintiff, Ruth Brady, in responding to her counsel's questions, described the exhibit as follows:

> Q. Ruth, I also have a composite exhibit which includes all medical bills and prescriptions that have been incurred to date. They total $13,122.94.
>
> A. Yes, and I have some medical bills at home I never brought to you.
>
> Q. Okay. But you've had occasion already to review this composite exhibit. Does this contain all the bills to date other than those you've just made reference to to the best of your knowledge?
>
> A. Yes. It's pretty close 'cause I thought maybe fifteen or twenty – but I didn't know how many thousands it was.

*Albertson's*, 475 So. 2d at 987-88. Albertson's objected to the composite exhibit on the ground that there was no predicate laid as to reasonableness and necessity. *Id.* at 988. The trial court overruled the objection. *Id.*

The Second District determined that the evidentiary scenario in *Albertson's* was distinguishable from *Garrett*, where our supreme court determined that the plaintiff's testimony adequately established the reasonableness and necessity of medical bills, and expert testimony was not required. *Id.* The Second District also determined that the evidentiary scenario was distinguishable from its prior decision in *Easton*, where the court held that, since the plaintiff's "'detailed description of the treatment procedures clearly related the therapy to the accident,' the medical bills

were properly admitted into evidence." *Id.* (quoting *Easton*, 390 So. 2d at 1204). Immediately after distinguishing *Garrett* and *Easton*, the Second District said:

> Here, unlike in *Garrett* and *Easton*, [Brady]'s testimony does not *associate each medical bill* with injuries resulting from the accident at Albertson's.

*Id.* (emphasis added).

In addition to distinguishing the evidentiary issue in *Albertson's* from *Garrett* and *Eason*, the Second District also addressed Brady's contention that the testimony of her physicians, the bills themselves, and the hospital records sufficiently established a prima facie case for admissibility, and her reliance on *Crowe v. Overland Hauling, Inc.*, 245 So. 2d 654 (Fla. 4th DCA 1971). In *Crowe*, we determined that the testimony of the doctor, the plaintiff's husband, and the plaintiff, coupled with the defendant's stipulation that the charges were reasonable, established a proper predicate for admission of some pharmacy bills. *Id.* at 655-56. The Second District, in *Albertson's*, found *Crowe* inapposite for two reasons. First, in *Crowe*, the plaintiff's physician testified that he prescribed drugs for the plaintiff to take for pain resulting from her injuries. *Albertson's*, 475 So. 2d at 988. Second, in *Crowe*, there was a stipulation as to the reasonableness of the medical expenses. *Id.*

Our reading of *Albertson's* leads us to the conclusion that the core evidentiary issue which the Second District addressed was the sufficiency of evidence regarding the *necessity* of medical bills, in the context of whether the medical bills were related to the injury. In *Albertson's*, unlike this case, apparently neither the plaintiff nor an expert testified about the details of her treatment to establish that the medical bills in her composite exhibit were related to her injury.

Our review of the record in this case leads us to conclude that by the combination of Plaintiff's testimony and the Surgeon's testimony, coupled with the introduction of the medicals bills, Plaintiff provided sufficient testimony to establish the reasonableness and necessity of the medical bills presented to the jury, and the trial court properly denied Defendant's motion for directed verdict and the post-trial motions for new trial and for judgment in accordance with motion for directed verdict. Unpersuaded by Defendant's arguments, we affirm the trial court on this issue.

*Trial Preparation Order Noncompliance*

*Additional Background*

Upon setting the case for trial, the trial court entered a trial preparation order. The trial preparation order required the parties to disclose their expert witnesses ninety days prior to trial and to include particular information regarding their expert witnesses. Significantly, the order stated that the parties would be strictly limited to trial witnesses properly and timely disclosed.

With two amendments, Plaintiff filed disclosures in response to the trial preparation order. None of the disclosures designated the Surgeon as an expert and his area of expertise or provided his *curriculum vitae*, as required by the trial preparation order. In the initial and first amended disclosures, the Surgeon was listed in conjunction with a records custodian or representative of his office. None of the disclosures contained separate descriptions of the substance of each witness's testimony, as required by the order. However, in the initial and first amended disclosures, after listing her witnesses, Plaintiff included a brief final paragraph which stated:

> Will testify as to the history, examination, diagnosis, treatment, prognosis, disability, causation, permanency of the Plaintiff's condition and reasonable necessary charges for services.

In the last disclosure filed, the Surgeon and the records custodian from his office were listed on separate lines, but the Surgeon still was not designated as an expert. The final disclosure did not contain the brief paragraph at the end of the list of witnesses used in the prior disclosures stating a general description of the witness testimony collectively.

Prior to the start of trial, Defendant objected to Plaintiff calling the Surgeon as an expert witness due to noncompliance with the trial preparation order. Defense counsel informed the court that she had not deposed the Surgeon and argued that the Surgeon's reports did not discuss anything regarding causation or permanency of the injury. She argued that the failure to designate the Surgeon as an expert and the failure to disclose the substance of his opinions precluded the Surgeon from providing any expert opinions on those issues. Plaintiff's counsel confirmed that she intended to have the Surgeon testify regarding causation and permanency, stating that he was the treating doctor and that his opinions were implicit in the medical records. When asked by the trial court, Plaintiff conceded that she had not provided the Surgeon's *curriculum vitae* to Defendant, but argued that Defendant had not provided a *curriculum vitae* for his expert either. Apparently looking at one of Plaintiff's prior trial preparation disclosures, the trial court noted the

7

paragraph at the end of the witness list stating collectively what Plaintiff's witnesses would be testifying about, including causation and permanency. Defendant maintained that this was insufficient because experts were supposed to be specifically designated. The trial court overruled the objection.

Defendant did not renew his prior objection when the Surgeon testified that Plaintiff's injury was a permanent disability. The prior objection was renewed when Plaintiff's counsel asked the Surgeon whether the injury was related to the car accident. Defendant's renewed objection was overruled. The Surgeon then testified that in his opinion, he believed the injury was related to the accident. Defendant's medical expert disputed the accident caused a permanent injury to Plaintiff.

*Analysis*

Defendant contends the trial court erred in denying his motion for new trial. The motion asserted the trial court improperly allowed the Surgeon to testify as an expert on issues of causation and permanency in violation of the trial court's trial preparation order.

Generally, we review trial court orders regarding motions for new trial for abuse of broad discretion. *Office Depot, Inc. v. Miller*, 584 So. 2d 587, 589 (Fla. 4th DCA 1991). Admission or exclusion of the testimony of a witness in violation of a trial preparation order is within the trial court's discretion. *Binger v. King Pest Control*, 401 So. 2d 1310, 1313-14 (Fla. 1981).

In *Binger*, our supreme court held that "a trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order." *Id.* at 1313. "The discretion to do so must not be exercised blindly, however, and should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party. Prejudice in this sense refers to the surprise in fact of the objecting party[.]" *Id.* at 1314 (footnote omitted). *Binger* also outlined other factors which should guide the discretion to permit or exclude evidence in violation of trial preparation orders:

> (i) the objecting party's ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases). If after considering these factors, and any others that are relevant, the trial court concludes that use of

8

the undisclosed witness will not substantially endanger the fairness of the proceeding, the pretrial order mandating disclosure should be modified and the witness should be allowed to testify.

*Id.*

On appeal, Defendant argues that a new trial is required because he was prejudiced by the Surgeon's undisclosed opinions. He argues that Plaintiff's counsel failed to properly disclose the Surgeon as an expert witness, even though she intended to present expert opinions from him on the issues of causation and permanency. Plaintiff's counsel's intention was demonstrated by Plaintiff's counsel providing the Surgeon with all of Plaintiff's medical records, including a compulsory medical examination report and other records the Surgeon did not previously have, two days before trial so that the Surgeon could review them. Defendant further argues that there were no opinions as to causation and permanency in the Surgeon's medical records and that he was surprised in fact by the Surgeon's undisclosed opinions. Additionally, Defendant argues he was prevented from taking the Surgeon's expert opinions into account in preparing for and defending the case and had no ability to cure the prejudice, as he had no time to counteract these opinions or to allow his own expert to analyze the Surgeon's testimony.

In part, Defendant's arguments are framed around the distinction between a treating physician testifying as a fact witness and a treating physician testifying as an expert witness. However, we are satisfied that the trial court recognized that the Surgeon was testifying as an expert witness, in addition to providing fact testimony as the treating physician. We are also satisfied that the trial court recognized that Plaintiff failed to properly disclose the Surgeon as an expert witness in strict compliance with the pretrial order. While it is clear from the record that Plaintiff's counsel failed to comply with the trial preparation order, Defendant's arguments do not demonstrate an abuse of discretion by the trial court.

Defendant argues that had he known Plaintiff intended to use the Surgeon as an expert, he could have conducted additional expert discovery and deposed the Surgeon. However, the Surgeon was listed as a witness on each of Plaintiff's witness lists and it does not appear that Defendant's counsel sought to depose him, even as the treating physician. He further argues that he likely would have challenged the Surgeon's opinion as to

permanency under the *Daubert*[1] expert opinion standards. However, Defendant failed to ask for a *Daubert* hearing during trial or contemporaneously object to the Surgeon's testimony regarding the permanency of Plaintiff's injury. Indeed, nothing prevented Defendant from objecting at trial regarding the Surgeon's bases for determining his opinion as to permanency. Thus, his argument that he was prejudiced by the nondisclosure of the Surgeon as an expert, fails. Furthermore, Defendant's argument that he was surprised by the Surgeon's opinions is suspect, where apart from damages, those were the only other two issues in dispute to be determined at trial.

It appears to us the trial court was somewhat persuaded that Plaintiff's first two witness lists indicated generally that witnesses would be providing testimony as to permanency and causation, even after observing that Plaintiff did not explicitly comply by identifying which witness would testify about those issues. The trial court was also concerned that the prior general statement about the substance of witness testimony collectively was not included in the last version of Plaintiff's witness list. However, the trial court found it significant that Defendant did not seek to compel Plaintiff's strict compliance with the trial preparation order. Indeed, Defendant did not raise the issue of Plaintiff's noncompliance until just before trial was to begin. Additionally, despite the failure to enforce compliance, Defendant was able to present his own expert witness disputing the causation and permanency of Plaintiff's injury.

Finally, we note that part of the reason the trial court decided not to strike the Surgeon's expert testimony was because it had found that neither party had strictly complied with the trial preparation order. As *Binger* provides, "if after considering [the *Binger*] factors, and *any others that are relevant*, the trial court concludes that use of the undisclosed witness will not substantially endanger the fairness of the proceeding, the pretrial order mandating disclosure should be modified and the witness should be allowed to testify." *Id.* at 1314 (emphasis added).

Having failed to establish the trial court abused its discretion, we find no error in the admission of the Surgeon's testimony, despite noncompliance with the pretrial preparation order, or the denial of Defendant's motion for new trial based on issues regarding the Surgeon's testimony.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).

*Conclusion*

Although Defendant raised eight issues arguing for reversal, we are not persuaded the trial court erred.

*Affirmed.*

GERBER, C.J., and LEVINE, J., concur.

NOTE:  GERBER, C.J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**