IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PROGRESSIVE SELECT INSURANCE
COMPANY,

      Petitioner,

 v.                                   Case No.  5D16-253

EMERGENCY PHYSICIANS OF CENTRAL
FLORIDA, LLP, AS ASSIGNEE OF
SAMANTHA JORDAN AND ELIZABETH
FIGUEROA,

      Respondent.

_____/

Opinion filed September 16, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Seminole County,
Jessica J. Recksiedler, Judge.

Betsy E. Gallagher and Michael C. Clarke,
of Kubicki Draper, P.A., Tampa, for
Petitioner.

Dean A. Mitchell, Ocala, for Respondent.


PER CURIAM.

      Progressive Select Insurance Company ("Progressive") petitions this court for a

writ of certiorari.  Progressive argues that the circuit court, sitting in its appellate capacity,

erred in finding that it was precluded from arguing the reasonableness of charges for

medical services billed by Emergency Physicians of Central Florida, LLP ("EPCF").

The instant case arose from two separate lawsuits filed by EPCF seeking payment for medical services provided to Samantha Jordan and Elizabeth Figueroa. Both Jordan and Figueroa held automotive insurance policies with Progressive. EPCF billed Progressive for medical services, and Progressive issued payment for the services that was reduced to eighty percent of 200 percent of the allowable amount under the Medicare Part B fee schedule. EPCF brought suit seeking additional payment.

The county court, in granting summary judgment in favor of EPCF, held that Progressive had improperly used the fee schedule in paying the billed amounts. Progressive appealed the judgment to the circuit court, which found that Progressive should have "clearly and unambiguously" selected the fee schedule limitation under section 627.736(5)(a)2., Florida Statutes (2008), if it wanted to limit its payments in accordance with the Medicare fee schedule. The circuit court added that Progressive was precluded from engaging in discovery and arguing the reasonableness of the billed amounts. Nonetheless, the circuit court remanded the case for further proceedings, holding that EPCF had failed to meet its burden of proof in demonstrating the billed amounts were reasonable. EPCF and Progressive both filed motions for rehearing, which were denied. Progressive subsequently petitioned this court for a writ of certiorari.

Progressive argues that, although it did not specifically elect to use the fee schedule in its insurance policies, it did not waive its opportunity to litigate the reasonableness of EPCF's bills when it paid the bills based on the fee schedule. We agree.

Section 627.736(5)(a)2.f., Florida Statutes (2008), provides that insurance companies may limit reimbursement for billed services to eighty percent of 200 percent

of the allowable amount under the Medicare fee schedule. Section 627.736(5)(a)1., Florida Statutes (2008), provides that medical services providers may only charge reasonable amounts for services provided to individuals covered by personal injury protection insurance. Under the statute, reasonableness is determined by "usual and customary charges," "reimbursement levels in the community," and "various federal and state medical fee schedules applicable to automobile and other insurance coverages." § 627.736(5)(a)1., Fla. Stat. (2008).

In GEICO General Insurance Company v. Virtual Imaging Services, Inc., the Florida Supreme Court held that an insurance company must provide notice in its policy when it intends to limit reimbursements for medical services based on the Medicare fee schedule. 141 So. 3d 147, 150 (Fla. 2013). Because Progressive failed to elect specifically to limit payments based on the fee schedule in the instant case, Progressive may not avail itself of the fee schedule limitation under section 627.736(5)(a)2.f., Florida Statutes (2008).

Nonetheless, despite Progressive's failure to elect to use the fee schedule limitation in its policy, it is not precluded from having an opportunity to litigate the reasonableness of EPCF's bill under section 627.736(5)(a)1., Florida Statutes (2008). Therefore, in ruling otherwise, the lower court's decision constitutes a violation of clearly established principles of law resulting in a miscarriage of justice. See Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000); see also State, Dep't of High. Saf. & Motor Veh. v. Fernandez, 114 So. 3d 266, 272 (Fla. 3d DCA 2013); Dep't of High. Saf. & Motor Veh. v. Hofer, 5 So. 3d 766, 772 (Fla. 2d DCA 2009). Accordingly, we grant Progressive's petition and quash that part of the decision under review that prohibits Progressive from engaging

3

in discovery and contesting the reasonableness of EPCF's bill.  We remand this case for further proceedings consistent with this opinion.

PETITION GRANTED and REMANDED.

SAWAYA, WALLIS and LAMBERT, JJ., concur.